EDUARDO SALICHS Y GARCÍA, Plaintiff and Appellee, *v.* BOARD OF EXAMINERS OF ENGINEERS, ARCHITECTS AND SURVEYORS, Defendant and Appellant.

No. 4862. Argued February 4, 1929.—Decided February 28, 1929.

*James R. Beverley, Attorney General,* and *Felipe Janer* for the appellant. *A. Fiol Negrón* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

An appeal was taken on August 8, 1928, from a judgment rendered on July 9, 1928. Simultaneously the appellant, relying on the Act of November 27, 1917, asked that the stenographer be ordered to prepare the stenographic notes. Such an order issued on August 9, 1928. No further action by appellant appears of record until November 10, 1928. Then the appellant presented a motion wherein it was recited that the order to the stenographer had not been delivered to that officer by the secretary, and requested that the secretary notify the said stenographer. The court issued the said order on the same day. Therefore, from the 9th of August to the 10th of November no action was taken by appellant. The case is subject to dismissal on at least two grounds and the appellee has moved to dismiss.

The excuse of the appellant is that the stenographer was ill and that the said appellant did not discover that the secretary had failed to notify the stenographer until the latter recovered his health.

The parties have discussed various matters and cited a great deal of jurisprudence, some of it quite applicable in the sense that a delay in speeding a cause is attributable to the appellant. *Mercado v. Succession of Ferreiro,* 26 P.R.R. 433. We need not cite any other cases.

The special duty of the appellant is to see that the order to the stenographer is delivered to that officer. The failure of the secretary to do so is imputable to the appellant.

The appeal must be dismissed, because the original time of twenty days for preparing the stenographer's notes expired without a due notice to the stenographer and a due extension for such notification was not obtained. The appeal also must be dismissed under Rule 59 of this court, as more than ninety days elapsed without the due record being prepared or sent up to this court, and without a sufficient excuse being assigned.